UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANDREW FETHER,                                    Case No. 1:17-cv-878-JTN-ESC

      Plaintiff,                               Hon. Janet T. Neff
                                                   Magistrate Judge Ellen S. Carmody
v

HILLSDALE COUNTY, a Municipal Corporation;
HILLSDALE COLNTY SHERIFF DEPARTMENT,
HILLSDALE COUNTY SHERIFF DEPARTMENT'S
DEPUTY KWINN LEVA, in her individual and
official capacity, ASSISTANT PROSECUTOR
VALERIE WHITE, in her official and individual capacity;
MICHIGAN STATE POLICE TROOPERS THOMAS
HURST, CYNTHIA GOCHANOUR, and TONY CUEVAS,
and MICHIGAN STATE POLICE SEX OFFENDER REGISTRY
ANALYSTS MELISSA MARINOFF and MARCI KELLY,
in their individual capacities,

      Defendants.

_____/

| | |
|---|---|
| Nicholas H. Klaus (P81076) | Andrew J. Brege (P71474) |
| Klaus Law PLLC | Johnson, Rosati, Schultz & Joppich, P.C. |
| Attorney for Plaintiff | Attorney for Defendants Hillsdale Co., |
| P.O. Box 20084 | Hillsdale Co. Sheriff's Dept., Deputy Kwinn |
| Detroit, MI 48220 | Leva & Assistant Prosecutor Valerie White |
| (313) 963-9330 | 822 Centennial Way, Ste. 270 |
| nicholas@klauslawpllc.com | Lansing, Michigan 48917 |
| | (517) 886-3800 |
| | abrege@jrsjlaw.com |
| | |
| | Adam Paul Sadowski (P73864) |
| | Attorney for Defendants Thomas Hurst, |
| | Cynthia Gochanour, Tony Cuevas, Marci Kelly |
| | & Melissa Marinoff |
| | Michigan Department of Attorney General |
| | Civil Litigation, Employment & Elections |
| | 525 W. Ottawa St. |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 373-6434 |
| | sadowskia@michigan.gov |

_____/

**DEFENDANTS' PRE-MOTION CONFERENCE REQUEST**

Defendants, Hillsdale County, Hillsdale County Sheriff's Department, Deputy Kwinn Leva, and Assistant Prosecutor Valerie White, through their attorneys, request a pre-motion conference to consider the following:

1.      Plaintiff brings this case under 42 U.S.C. § 1983 and allege violations of his constitutional rights under the 14th Amendment.

2.      Plaintiff names, among others, Defendants Hillsdale County, Hillsdale County Sheriff's Department, Assistant Prosecutor Valerie White, and Dispatcher Kwinn Leva.

3.      Defendants assert this matter may be addressed by way of Rule 12(b)(6) motion.  To the extent Defendants will rely on records outside the pleadings, they will include only public records or materials explicitly referenced in the complaint.

4.      Plaintiff has failed to state a claim upon which relief can be granted, and further discovery will not yield factual support for Plaintiff's allegations, as his claims are barred by law.

5.      "The Sheriff's Department is not a legal entity subject to suit [under 42 U.S.C. § 1983], nor is the sheriff responsible for the misconduct of the deputies." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); see also see *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995).  Therefore, the Hillsdale County Sheriff's Department should be dismissed.

6.      A municipality cannot be liable under 42 U.S.C. § 1983 unless the "*execution of a government's policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of*

1

*Social Services of New York*, 436 U.S. 658, 694 (1978) (emphasis added).

7.      A plaintiff "must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).

8.      The allegations must be sufficient to survive the plausibility analysis under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice," *D'Ambrosio v. Marino*, 747 F.3d 378, 774 (6th Cir. 2015).

9.      Plaintiff's complaint regarding municipal liability does not withstand this scrutiny, and therefore, Hillsdale County and any official capacity claims should be dismissed.

10.     Plaintiff alleges Dispatcher Leva transferred the list of names to be registered to the proper State authority, which officially entered Plaintiff's name to the registry.  Under state law, the list is maintained and operated by the Michigan State Police. See, e.g., M.C.L. § 28.728.

13.     Dispatcher Kwinn Leva is entitled to qualified immunity for all federal claims, as no reasonable dispatcher in her respective position would have believed her actions violated any clearly established constitutional or federal statutory rights.

14.     "[T]he Supreme Court extended absolute immunity to prosecutors sued for damages under 42 U.S.C. § 1983, holding that a prosecutor is entitled to absolute immunity when he acts 'within the scope of his duties in initiating and pursuing a criminal

prosecution.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).

15.     Under Michigan's Sex Offenders Registration Act (SORA), the prosecuting attorney plays a direct role "to determine whether the individual is required to register under [SORA]," as well as hearings on petitions "for an order allowing [an individual] to discontinue registration under [SORA]." MCL §§ 28.723a, 728c.

16.     Here, Defendant Assistant Prosecutor Valerie White is entitled to absolute immunity for Plaintiff's claims directly concerned with White's acts that occurred during her role as an advocate for the State. See *Cady v. Arenac Cty.*, 574 F.3d 334, 343 (6th Cir. 2009).

17.     Finally, Plaintiff's complaint contains only conclusory allegations concerning Ms. White's involvement, which does not survive the scrutiny under *Ashcroft*, *supra*.

**WHEREFORE**, Defendants respectfully request that the Court schedule this matter for a pre-motion conference pursuant to the Court's Information and Guidelines for Civil Practice. Concurrent with this Request, Defendants have filed a Motion for Extension of Time to File Response.

Respectfully submitted,

JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.,

/s/ Andrew J. Brege
Andrew J. Brege (P71474)
Attorney for Defendants Hillsdale County, Hillsdale County Sheriff's Department, Deputy Leva and Assistant Prosecutor Valerie White
822 Centennial Way, Suite 270
Lansing, MI 48917
Dated:  January 12, 2018          (517) 886-3800

3

## PROOF OF SERVICE

I hereby certify that on January 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record listed herein.

Respectfully submitted,

JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.,

/s/ Andrew J. Brege
Andrew J. Brege (P71474)
Attorney for Defendants Hillsdale County, Hillsdale County Sheriff's Department, Deputy Leva and Assistant Prosecutor Valerie White
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800

Dated:  January 12, 2018

4